## THE NELLIE BLOOMFIELD.[1]

*(District Court, D. New Jersey. April 28, 1886.)*

SEAMEN — LIEN FOR WAGES — STALE CLAIM — PRIORITY OF BONA FIDE LIEN CLAIMANTS.

In the distribution of the proceeds of a sale, the libelant, a former mariner, claimed, as against a material-man, wages for three years. From the libelant's own testimony it appeared that over two years had elapsed before the institution of the present proceedings; that he had been in the neighborhood of the vessel and her owner during all the time; and that no excuse whatever was given for this long delay. It further appeared that during all this time he had not heretofore made any attempt to collect the debt. *Held,* that public policy requires that such liens should not be enforced, to the detriment of other *bona fide* lienors, after such a lapse of time, and without the assignment of any reason for their having lain so long dormant.

In Admiralty.

*Goodrich, Deady & Platt,* for Cahill and others.

*Bristow, Peet & Opdyke,* for New York Emery Company.

NIXON, J. The commissioner has found due to the libelants as follows: To Thomas W. White, for wages, $19.50; to Peter Karney, for wages, $2.76; to James Cahill, for wages, $37.87; to Matthew Keefe, for wages, $17.88; to Thomas Dunn, for wages, $16.12; to John Cahill, for wages, $509.24. The New York Emery Company, a subsequent libelant, excepts to the allowance of anything to John Cahill, upon the ground that his claim has become stale, and must be deemed as abandoned by lapse of time. His statement, under oath, is that he went on board of the Bloomfield in March, 1880, and left her in December, 1883, there being due to him for wages at the time of leaving $450. The commissioner has found due this sum, with interest to the date of his report. The libelant gives no excuse for his long delay in enforcing his lien. The testimony shows that he has been in the neighborhood of the vessel and her owner during all the time, and has made no attempt to collect the debt. Public policy requires that such liens should not be enforced to the detriment of other *bona fide* lienors, after such a lapse of time, and without the assignment of any reason why they should have lain dormant so long. This exception is therefore sustained.

Let a decree be entered in favor of the other libelants for the sums found due to them respectively, and let the claim of the New York Emery Company be referred to a commissioner to ascertain and report the facts to the court.

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia bar.